against Melvin is our next case for argument this morning. Mr. Hirsch. Good morning. May it please the court. Aaron Hirsch on behalf of appellant Kevin Czech. The issue that we're bringing up today, your honors, is whether it is harmless error where a jury convicts a defendant of first degree murder, relying only on a general verdict, where the jury received an erroneous felony murder instruction. Mr. Hirsch, where is the violation of constitutional law? So, your honor, the violation comes where the, as Yates puts it, where the verdict is reached on possibly one ground that is viable or non-erroneous, or perhaps on another erroneous ground. That sounds like a claim of violation of state law. How the state manages juries and which instruction was proper are questions of state law. Where is the violation of federal law? Where is the federal rule that says no state can do things this way, however hard it wants to do them, however much it wants to do it that way? So, your honor, I believe you're referring to the one good count, or hypothetically the one good count proposition. I'm just asking for a rule, and this is absolutely essential under 2254 D1. We need a decision by the Supreme Court of the United States clearly establishing that it is constitutionally forbidden for a state to do what was done here. Understood, your honor. So, I believe that that issue was addressed first in the line of cases of Yates and Stromberg where that particular, where in the event there are two bases and the jury can't possibly, or the court can't possibly be clear or understand which bases the jury relied on. But, your honor. I'm just, I don't think my question is getting across. The Supreme Court has said many times, sometimes in reversing this very circuit, that the fact that a trial occurred and the instructions violated state law does not violate the federal constitution. We had a series of cases in this circuit involving a similar problem in Illinois, similar to your case. It's the Falconer sequence in which the Supreme Court of Illinois said this is a bad instruction in a murder case, but we're finding harmless error. And we issued a series of cases saying that violates the constitution. The Supreme Court reversed us and said the fact that it was a bad instruction as a matter of Illinois law doesn't create a federal constitutional problem. That's the question I'm trying to get you to focus on. What is it about this particular state law error that violated the constitution at all? Your honor, it would, at most, it would violate the due process clause by depriving the petitioner or the defendant from having the access to the jury trial right to which he's entitled. We said that in Falconer. It didn't carry the day. The Ninth Circuit said that in a case called Waddington against Sarasoud. That was reversed in the Supreme Court. The Ninth Circuit said that in a case called Estelle against McGuire. That was reversed nine to nothing by the Supreme Court. You need a case clearly establishing that there was a violation of the constitution, not cases like the ones I've just quoted that seem to clearly establish the opposite. Understood, your honor. It seems to me that in terms of a clearly established due process right, your position is that Polito makes clear that the Yates decision sounded in due process, even though neither Yates nor Polito said as much. I mean, I think, I mean, that's what it seems like you're saying. No, your honor, I have to confess that the strongest support for the clearly established principle that your honors are driving at is found from the language from Yates and from Polito. And admittedly, neither of them specifically identified the due process clause as the basis. Your problem, I think you're just not understanding my question, counsel. The Supreme Court started in cases like Stromberg from the assumption that to convict on count A would indeed violate the constitution. You know, to convict on theory A would violate the constitution. And therefore, if you've got a potential constitutional violation and a non-constitutional violation, how do you know when the jury verdict is proper? The underlying problem here is that a state appellate court held that the felony murder charge should not have been included. But it held that solely as a matter of state law, right, unless the constitution barred the felony murder charge from being put in the jury instructions. We never get to Stromberg. We don't get to the thing that drove Stromberg. That's why I say I don't think you're getting what I'm getting at. Where is the ruling clearly establishing as a matter of federal constitutional law that the felony murder charge violated the constitution? That's the question. And your honor, I can't point you to that clause. I think that answers your question squarely. So the particular reason why this case raises significant issues under the, excuse me, under the harmless error standard is because what you had here was an instruction, an erroneous instruction on the felony murder charge, which, as the state court has recognized, is unique because it does not require the state to prove the intent to kill, which distinguishes it from other forms of first degree murder when the state must prove either an intentional or a knowing killing. What it effectively provides is something of a shortcut, and the state here concedes in its briefing that there is no dispute that petitioner's jury may have relied on felony murder to convict the petitioner. But in terms of prejudice, is it really plausible to think that Mr. Falls, at age 13, unilaterally made the decision to shoot at the Latin Kings without at least consulting with Mr. Check? I mean, I take your point that there were credibility issues presented by the testimony in this case. But I have to wonder, you know, whether a rational jury would have had any real doubt about Mr. Check's knowledge and intent with respect to the shooting. So, you know, of course, we get into the area of prejudice. Of course, Your Honor. So specifically, the testimony from the record from Mr. Falls, one of the key state's witnesses, indicates that it was his decision to direct the driver of the vehicle, Mr. Mahia, to the location to get the weapon. And it was his direction to Mr. Mahia to drive the vehicle to a certain location. And it was his direction to the passenger in the front seat of the vehicle, Ms. Malave, to switch seats with him so that he would have the vantage point, a better vantage point from which to fire the weapon at the alleged intended target. So the testimony that's borne out in the record from Mr. Falls, the actual person who fired the weapon, suggests that it was, in fact, his role as the primary driver of retrieving the weapon and then directing the driver where to go and then telling the passenger that was in the front seat at the time to switch spots so that he would have the more accurate position to fire the weapon. So the question about what the jury could hypothetically have believed is very difficult to square when you're confronted with the fact that they had this erroneous felony murder instruction, an instruction on which the prosecutor relied on again and again and again. And I notice that I'm getting into my rebuttal time, so I'd like to reserve the few moments I have left. Certainly, counsel. Thank you. Ms. O'Connell. May it please the court. I am Assistant Attorney General Erin O'Connell on behalf of the respondent. As this court has pointed out, the petitioner has failed to point out clearly established federal law that applies to his claim. I wanted to emphasize that under Green v. Fisher, what we're looking at is a snapshot of the federal law as it existed at the time of the state court's decision. He admits that his main support is this hedge pest v. pulley doe, but that came out after the state court had already ruled on this issue. So at that point, there was no precedent whatsoever that would have established this as a constitutional violation. His only other support is Yates, but the Supreme Court made clear in Griffin that Yates may not have even set forth a constitutional rule at all. And under Early v. Packer, that ends the matter. It means that that was not binding under 2254d-1. Why was there such a delay? Why did it take 10 years to get from the state court conviction to habeas? I'm not sure if timeliness is not a problem. Apparently it was in state court that long. I believe that's correct. The issue that's raised here was on the direct appeal, but there may have also been a post-conviction proceeding that would have explained some of the delay. But there's no question, I think, being raised here that this was an unduly lengthy process. I'm just curious, more than anything, that it's such a long delay, and the issue has seemed to have been right right after the state court. Yes, Your Honor. And because under Supreme Court precedent, if you cannot identify clearly established law, you cannot overcome 2254d, we would ask this court to affirm the denial of habeas relief. Thank you, Ms. O'Connell. Mr. Hirsch, not much we need to respond to. No, Your Honor. I'd just like to make a few quick points with my remaining time. The first is that in Griffin, the Supreme Court did, in fact, say specifically that its continued adherence to Yates was not at issue in that particular case. And again, just wanting to stress that while Hedgepeth is cited both today and in our briefs, it's the discussion in Hedgepeth which asserts and establishes our position that Yates was, at the time, clearly established federal law. And it looks like my time is up. Thank you, counsel. The case is taken under advisement.